JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Regina Swann

**DEFENDANTS**
*See attached Defendants' Sheet*

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian S. Chacker, Esquire
1731 Spring Garden Street
Philadelphia, PA 19130
215-567-7955

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.1983
Brief description of cause:
Deprivation of freedom of religion and speech, along with abuse of authority and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 250,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   6/13/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**<u>Defendants' Sheet</u>**

**CITY OF PHILADELPHIA   and**
**POLICE OFFICER BERARDI**
      **(BADGE #3064) and**
**POLICE OFFICER DOERR**
      **(BADGE # 3139) and**
**POLICE OFFICER BARCLAY**
      **(BADGE#332)**
**Individually and as a Police Officers**
**For the City of Philadelphia**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| | : | |
| Regina Swann v. | : | |
| | : | |
| City Of Philadelphia, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 6/13/14 | Brian S. Chacker, Esq. | Regina Swann |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-567-7955 | 215-567-6809 | bchacker@gaychackermittin.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 908 Scattergood Street  Philadelphia PA. 19124

Address of Defendant: 1515 Arch Street 14th Floor, Law Department, Philadelphia, PA. 19107

Place of Accident, Incident or Transaction: 908 Scattergood Street  Philadelphia, PA. 19124

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____

Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/13/14    _____    84284

Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINA SWANN** | : | |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA** | : | |
| **and** | : | |
| **CITY OF PHILADELPHIA** | : | **Civil Action No.** |
| **POLICE OFFICER BERARDI** | : | |
| **(BADGE #3064)** | : | |
| **Individually and as a Police Officer** | : | |
| **for the City of Philadelphia** | : | |
| **and** | : | |
| **CITY OF PHILADELPHIA** | : | |
| **POLICE OFFICER DOERR** | : | |
| **(BADGE #3139)** | : | |
| **Individually and as a Police Officer** | : | |
| **for the City of Philadelphia** | : | |
| **and** | : | |
| **CITY OF PHILADELPHIA** | : | |
| **POLICE OFFICER BARCLAY** | : | |
| **(BADGE #332)** | : | |
| **Individually and as a Police Officer** | : | |
| **for the City of Philadelphia** | : | |

## COMPLAINT

Plaintiff, Regina Swann ("Ms. Swann"), by and through her attorneys, Gay Chacker &

Mittin, P.C., hereby asserts the following Complaint against defendants, Police Officer Berardi

("defendant Berardi"), Police Officer Doerr ("defendant Doerr"), Police Officer Barclay

("defendant Barclay") (collectively "defendant police officers") and the City of Philadelphia

("City") (collectively "defendants").

## Parties

1.     Plaintiff, Regina Swann is and was at all material times a resident of Philadelphia,

Pennsylvania.

2.      Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the City of Philadelphia Police Department, which employed the defendant police officers.

3.      Defendant Berardi was at all times relevant to this action an officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

4.      Defendant Doeir was at all times relevant to this action an officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

5.      Defendant Barclay was at all times relevant to this action an officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

## Jurisdiction

6.      This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

7.      On June 15, 2012, prior 7:00-7:30 p.m., Ms. Swann had arrived home from a store.  For some reason, when she arrived home, her house alarm went off.  The alarm company called and Ms. Swann gave them the code to advise them everything was secure and no assistance was needed.

2

8.      Approximately 20 minutes later, between 7:00-7:30 p.m. police officers on bicycles arrived at her home.

9.      The first to arrive was defendant Berardi.

10.     At the time that defendant Berardi arrived at the scene, a friend of Ms. Swann's was leaving her home.

11.     As she was leaving the home, defendant Berardi asked for her identification and asked the neighbors who were outside whether the friend was the home owner.  Both the friend and the neighbors advised defendant Berardi that the owner was inside the home.

12.     Ms. Swann observed her friend speaking with defendant Berardi and opened her front door a little bit because she is Muslim and did not have her proper clothes on.

13.     Defendant Berardi approached the door to Ms. Swann's home and advised her that he would need to see her identification.

14.     Ms. Swann told defendant Berardi that she had to get dressed and that she would get it for him.  At no time did defendant Berardi ask to enter Ms. Swann's property.  At no time did Ms. Swann invite defendant Berardi into her home.

15.     Despite having been advised by both Ms. Swann's friend and her neighbors that Ms. Swann was the owner of the home, as Ms. Swann was getting dressed, defendant Berardi entered her home and walked into the area where she was dressing.

16.     Ms. Swann advised defendant Berardi that she was upset and wanted him to leave because she is a Muslim and wanted to cover herself.

17.     Defendant Berardi told Ms. Swann that he did not care and was not leaving.

18.     Plaintiff gave defendant Berardi her identification and again asked him to step out

3

so that she could get dressed.  Defendant Berardi refused despite Ms. Swann's religious request.

19.    Ms. Swann asked for defendant Bernardi's name and badge number.

20.    Defendant Berardi chided her, "I hope you can read."

21.    Ms. Swann called 911 to ask for a supervisor.

22.    At this time, defendant Doerr entered Ms. Swann's home.

23.    Ms. Swann advised defendant Doerr the same thing she had told defendant Berardi – that she is Muslim and please leave so she could dress herself.

24.    Defendants Berardi and Doerr laughed at Ms. Swann and told her they were not going anywhere.

25.    Defendants Berardi and Doerr ran Ms. Swann's name in their computer.

26.    At this time, defendant Barclay arrived at Ms. Swann's home and defendants Berardi and Doerr stepped outside.

27.    As Ms. Swann was trying to explain what had happened to defendant Barclay, he indicated that he did not care.  Simultaneously, Ms. Swann's daughter started to cry.

28.    As Ms. Swann picked up her child, she asked defendant Barclay for her identification back.

29.    Defendant Barclay, attempting to intimidate Ms. Swann because of her complaints about the actions of defendants Berardi and Doerr, shouted out to his fellow officers to call the Department of Human Services because of the way Ms. Swann picked up her child.

30.    Ms. Swann proceeded to walk outside of her house and ask defendant Berardi to return her identification.

31.    In response, defendant Berardi threw her identification on the ground.

4

32.     When Ms. Swann asked defendant Berardi why he threw her identification on the ground, he replied, "You asked for it.  Now pick it up."

33.     Defendant Barclay proceeded to pick up Ms. Swann's identification and walk down the steps in front of Ms. Swann's home and stand with the other defendant officers for approximately 15 minutes.

34.     At that time, the defendant officers proceeded to get on their bicycles and car and leave.

35.     When Ms. Swann asked for her identification again, she was told it was in the grass in front of her home and that she could find it.

36.     Ms. Swann asked defendant Barclay for his name and badge number.  He shouted his name, but refused to give his badge number.

37.     As a further punishment and a form of retaliation, a few days later, defendant Berardi returned to Ms. Swann's home to give her a citation for high weeds in her front yard.

38.     Further, in return for complaining about their actions and behavior, the defendant officers did call DHS and a DHS officer showed up at Ms. Swann's home the next day to make an "unscheduled" visit.

39.     An investigation was started into the care and supervision of Ms. Swann's children.

40.     At the time that this "investigation" was begun as a result of the defendant officers' improper and baseless complaint, Ms. Swann was in the process of trying to open a daycare center for children.

41.     Ultimately, the complaint was deemed unfounded, however, Ms. Swann was

5

subjected to substantial emotional distress over the fear of having her children taken away from her and the possible loss of her business all because of the improper and illegal actions of the defendant officers.

42.     Further,  the citation for "high weeds" was dismissed by the court after a hearing.

43.      Mr. Swann continues to suffer from, *inter alia,* trauma, anxiety, fear, and mental harm.

44.     Following the incident, the defendant officers agreed to cover up their improper actions, and to cite Ms. Swann for high weeds and to contact DHS as punishment and in retaliation for Ms. Swann's challenging their improper action.

45.     As a direct and proximate result of the defendants' actions, Ms. Swann was deprived of rights, privileges and immunities under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

46.     Defendants violated Ms. Swann's clearly established right to freedom of religion,, freedom of speech, right to be free from unreasonable seizures, the right to be free from malicious prosecution, the right to be free from false arrest and the right to due process of law.

47.     All defendants engaged in the aforesaid conduct for the purpose of violating Ms. Swann's constitutional rights by subjecting the her to unlawful searches, unreasonable deprivation of free speech and religion and prolonged detention.

48.     The actions and conduct of the defendant officers were caused by a policy, practice and custom of defendant City of Philadelphia of failing, with deliberate indifference, to supervise, monitor, and properly train officers with respect to (a) their duty to provide only truthful information, (b) their duty to ensure that relationships and dealings with the public are in

accord with Police Department policy and constitutional commands, (c) their duty to report and disclose misconduct and illegal actions of other police officers, and (d) the fabrication of evidence against an accused to justify their illegal actions and conduct.

49.     Defendant City of Philadelphia has failed to properly discipline the defendant officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests, and prosecutions, thereby causing the violations in this case.

50.     The above described actions of all of the defendants caused the violations of the plaintiffs' rights under the First, Fourth and Fourteenth Amendments as alleged in this Complaint.

51.     The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Ms. Swann as set forth above.

## COUNT ONE
### 42 U.S.C. § 1983 Against Defendant Police Officers

52.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 51, inclusive, of her Complaint as if the same were set forth at length herein.

53.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the defendant police officers for violation of Ms. Swann's constitutional rights under color of law.

54.     As aforesaid, defendant police officers, acting within the course and scope of their City of Philadelphia employment, under color of state law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department intentionally and maliciously deprived Ms. Swann of her rights, privileges and immunities under the Constitution of the United States

7

and the laws of the United States; in particular, the right to free speech, freedom of religion, to be free from false arrest, false imprisonment and malicious prosecution; which violated Ms. Swann's rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

55.     Defendant police officers' actions targeted and were intended to chill, restrict and inhibit Ms. Swann from exercise her right to freedom of religion and freedom of speech.

56.     Defendant police officers' actions constituted a substantial burden on Ms. Swann's First Amendment rights.

57.     Defendant police officers lacked any justification for their actions.

58.     Defendant police officers improperly cited Ms. Swann and improperly contacted Ms. Swann in retaliation for her proper challenge to their authority and request that they allow her to follow her religious practice of covering herself.

59.     The defendant police officers have been deliberately indifferent to the rights of citizens of the Commonwealth of Pennsylvania and, in particular, City of Philadelphia to freedom of religion, free speech, to be free from false arrest, false imprisonment and malicious prosecution, which deliberate indifference violated Ms. Swann's rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

60.     The defendant police officers invaded the privacy and/or cast Ms. Swann in a false light by making it appear to others that Ms. Swann had violated or was violating the laws of the Commonwealth of Pennsylvania or of another jurisdiction.

61.     As a result of the above actions, Mr. Swann suffered the damages as aforesaid.

8

62.     The actions of the police officer defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Ms. Swann's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Regina Swann, demands judgment in her favor and against defendants Berardi, Doerr and Barclay, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT TWO
## 42 U.S.C. Section 1983 Against City of Philadelphia

63.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 62, inclusive, of his Complaint as if the same were set forth at length herein.

64.     Prior to June 15, 2012, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons, which caused the violation of Ms. Swann's rights.

65.     It was the policy and/or custom of the City of Philadelphia to cover-up and to avoid detection of acts of police abuse or improper use of authority by charging victims of police abuse with criminal offenses and contacting DHS thereby attempting to prevent the victim's access to the courts and to due process.

66.     It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train their police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of their police officers. The City of Philadelphia did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

9

67.     It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train their police officers, including the defendant officers, against a code of silence or "blue code" of officers refusing to intervene against or provide truthful information against constitutional violations and misconduct committed by their fellow officers.

68.     It is believed and therefore averred that the City of Philadelphia and their Police Departments adopted and maintained for many years a recognized and accepted policy, custom and practice of systematically tazing suspects and subjecting individuals to the same type of treatment to which Ms. Swann was subjected, which policy constitutes the use of excessive force and violates the First, Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

69.     It is believed and therefore averred that the City of Philadelphia and their Police Departments have adopted and maintained for many years a recognized policy, custom and practice, which allows for improperly denying individuals' right to freedom of religion and freedom of speech, falsely arresting, falsely imprisoning and maliciously prosecuting suspects by Police Officers, the same type of treatment to which Ms. Swann was subjected, and which violates the First, Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

70.     It is believed and therefore averred that at the time that Ms. Swann was subject to the actions of the police officer defendants, the City of Philadelphia knew or should have known of the previously described policy, custom and practice of their Police Departments, and it deliberately, knowingly, and negligently failed to take measures to stop or limit the policy, custom and practice, *inter alia*, providing proper training, supervision, and control of the officers, agents,

10

and/or employees of the City of Philadelphia.

71.     As a result of the above described policies and customs, police officers of the City

of Philadelphia and the City of Philadelphia, including the defendant police officers, believed that

their actions would not be properly monitored by supervisory officers and that misconduct would

not be investigated or sanctioned, but would be tolerated and condoned.

72.     As a result of the above actions, Ms. Swann suffered the damages as aforesaid.

WHEREFORE, plaintiff, Regina Swann, demands judgment in her favor and against

defendant, City of Philadelphia for compensatory damages, reasonable attorney fees and costs,

interest; and such other and further relief as appears reasonable and just.

BSC5184
BRIAN S. CHACKER, ESQUIRE
GAY CHACKER & MITTIN, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
fax: (215) 567-6809

**Attorneys for Plaintiff**
**Regina Swann**

Date:  June 13, 2014

11